UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HALEE J. LIMKEE, <br><br> Plaintiff, <br><br> vs. <br><br> (1) THE HOME DEPOT, INC. <br> A foreign for-profit business corporation, <br> (2) CORPORATON A, <br> (3) CORPORATION B, <br> (4) CORPORATION C, <br> (5) JOHN DOE 1, <br> (6) JOHN DOE 2, and <br> (7) JOHN DOE 3. <br><br> Defendants. | Case No. CIV-20-352-G <br><br> Oklahoma County Case No. <br> CJ-2020-1300 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant, The Home Depot, Inc., hereby gives notice of the removal of this action captioned *Halee J. Limke v. The Home Depot, INC. A foreign for-profit business corporation, CORPORATIONS A, B, and C, and JOHN DOES 1, 2, and 3*, Case No. CJ-2020-1300, from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, Defendants state as follows:

**I.     GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

Defendants remove the above-referenced state court action to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000 between parties with complete diversity of citizenship. *See* 28 U.S.C. § 1332(a) (providing that district courts have

original jurisdiction where: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different States.)

## II.  PLEADINGS, PROCESS AND REQUIRMENTS FOR REMOVAL

1.  On March 5th, 2020, Plaintiff Halee Limke, commenced this civil action by filing a Petition, Case Number CJ-2020-1300, in the District Court in and for Oklahoma County, Oklahoma.  A copy of the docket sheet of this action is attached to this Notice as Exhibit 4.

2.  In this action, the Plaintiff, Halee Limke, alleges as follows: "on or about October 14, 2019 at 700 Penn Lane in Moore, Oklahoma…Defendants were negligent in operating machinery, negligently entrusted machinery to an unqualified, untrained, and/or negligent operator acting as Defendant Home Depot's agent, and/or negligently hired, trained, and/or retained Defendant Corporations and/or John Doe causing injury to Plaintiff." *See* Exhibit 2, Petition at ¶ 1. Plaintiff further alleges that she was injured as a result of this negligence. *See* Exhibit 2, Petition at ¶ 2. Plaintiff "prays for judgment against Defendants … in an amount in excess of Seventy-Five Thousand Dollars and no/100s ($75,000) plus interest, costs and attorney's fees."  *See* Exhibit 2.

3.  On March 16th, 2020, Defendant, Home Depot, Inc., was served by certified mail with a copy of Plaintiff's Petition and Summons. The Certificate of Service is attached to this Notice as Exhibit 3.

4. This Notice of Removal is timely filed because Defendant filed this Notice within thirty (30) days after Plaintiff's Petition was served on Defendant. 28 U.S.C. § 1446(b)(1).

5. Since this action is pending in the District Court in and for Oklahoma County, State of Oklahoma, venue properly lies in the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 1441(a).

6. Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court in and for Oklahoma County, Oklahoma as required by 28 U.S.C. § 1446(d).

7. Pursuant to 28 U.S.C. 1446(a), copies of all process and pleadings served upon Defendant in this action are attached to this Notice as Exhibits 1-3. Pursuant to LCvR 81.2, a copy of the docket sheet of this action is attached as Exhibit 4, and all other documents filed in this action, including any motions pending before the state court at the time of removal are attached.

8. Pursuant to 28 U.S.C. §1446(b)(2), all Defendants who have been properly joined and served join in and consent to the removal of this action.

**III. THE REQUIREMENTS OF DIVERSITY JURISDICTION ARE MET**

A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). By design, Section 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *See* 14C C. Wright, A. Miller,

E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a).").

      a.    **The amount in controversy exceeds $75,000.**

Under 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. In this action, the Plaintiff has stated that she seeks a judgment against Defendants "in an amount in excess of Seventy-Five Thousand Dollars and no/100s ($75,000), plus interest, costs and attorney's fees." *See* Exhibit 2.

      b.    **There is complete diversity of citizenship.**

This action is between parties with complete diversity of citizenship. Diversity of citizenship exists where the matter in controversy is between citizens of different States. 28 U.S.C. § 1332(a). A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c).

In this case, the Plaintiff is a citizen of Oklahoma. As asserted in the Petition, Defendant, The Home Depot, Inc., is a ***foreign*** corporation and a company doing business in Oklahoma County, Oklahoma. *See* Exhibit 2. Defendant, The Home Depot, Inc., is thus not a citizen of Oklahoma, but is instead a Delaware corporation with its principal place of business in Georgia. Defendants, John Doe Corporations A, B, and C and John Does 1, 2,

and 3, should be disregarded. 28 U.S.C.A. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Therefore, there is complete diversity of citizenship. 28 U.S.C. § 1332(a).

## IV.   CONCLUSION

This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1441(a) since the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants. All Defendants who have been properly joined and served consent to this removal. Defendants have complied with the procedural requirements of 28 U.S.C. § 1446, the Federal Rules of Civil Procedure, and the Local Rules of the Western District of Oklahoma, which govern removal from state court.

WHEREFORE, Defendant, The Home Depot, Inc., removes the action captioned *Halee J. Limke v. The Home Depot, INC. A foreign for-profit business corporation, CORPORATIONS A, B, and C, and JOHN DOES 1, 2, and 3*, Case No. CJ-2020-1300, from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

JURY TRIAL DEMANDED.

Respectfully submitted,

s/ Benjamin D. Reed
Ben Reed, OBA #22696
breed@bestsharp.com
BEST & SHARP

Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorney for Defendant,*
*The Home Depot, Inc., a foreign*
*for-profit corporation*

## CERTIFICATE OF MAILING

    I hereby certify that on 15th day of April, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

James J. Taylor, OBA #8867
Kevin S. Locke, OBA #14769
Thomas B. Corbin, OBA #16445
Andrea R. Clinger, OBA #31910
TAYLOR, LUCAS, LOCKE & CORBIN
1132 N. Broadway Drive
Oklahoma City, OK 73103
(405) 232-8585 Telephone
(405) 232-8588 Facsimile
andi.clinger@taylorlucas.com
stacy.brooks@taylorlucas.com
*Attorneys for Plaintiff*

    s/ Benjamin D. Reed